**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

        v.

ALEJANDRO GOMEZ-MENDEZ,
        *Defendant-Appellant.*

No. 05-50729

D.C. No.
CR-05-0041-TJW

OPINION

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted
August 15, 2006—Pasadena, California

Filed May 14, 2007

Before: Alex Kozinski, Diarmuid F. O'Scannlain, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge O'Scannlain

**COUNSEL**

Benjamin L. Coleman, San Diego, California, argued the cause for the defendant-appellant, and filed briefs.

Joseph S. Green, Assistant U.S. Attorney, San Diego, California, argued the cause for the plaintiff-appellee; Carol C. Lam, U.S. Attorney, and Roger W. Haines, Jr., Assistant U.S. Attorney Chief, Appellate Section, Criminal Division, were on the brief.

**OPINION**

O'SCANNLAIN, Circuit Judge:

We are asked to decide whether a defendant's prior California conviction for unlawful sexual intercourse with a minor qualifies as a "crime of violence" under the federal Sentencing Guidelines.

I

On March 1, 2005, a U.S. Border Patrol agent found Alejandro Gomez-Mendez near the San Ysidro, California, Port

of Entry. Gomez-Mendez was arrested after admitting that he was a citizen and national of Mexico and present in the United States without any documents permitting him to enter the United States legally. A grand jury returned a one-count indictment charging Gomez-Mendez with being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Gomez-Mendez pled guilty to the charge without the benefit of a plea agreement.

The probation officer filed a presentence report, which indicated that the maximum term of imprisonment was twenty years and recommended a sentence of ninety-four months. The presentence report computed the base offense level as eight and concluded that a sixteen-level sentencing enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) was appropriate because of Gomez-Mendez's 2002 conviction for felony unlawful sexual intercourse with a minor under age sixteen by a person twenty-one years of age or older, in violation of Cal. Penal Code § 261.5(d). The presentence report further recommended a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), but recommended against the extra one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b) because the government failed to file the required motion.

Gomez-Mendez objected to the report's recommended sentence, arguing that the maximum statutory penalty was only two years imprisonment and one year of supervised release, because the California conviction was neither alleged in the indictment nor admitted at the plea colloquy. He also argued that a sixteen-level enhancement was inappropriate because his prior California conviction did not categorically qualify as a "crime of violence." Finally, Gomez-Mendez claimed that a three-level downward adjustment for acceptance of responsibility was appropriate because the government had no good faith basis for not filing the motion required for the additional one-level adjustment under U.S.S.G. § 3E1.1(b).

The district court refused to decide whether the government improperly declined to file the motion required for the extra one-level downward adjustment for acceptance of responsibility.[1] The district court sentenced Gomez-Mendez to eighty-four months in custody, three years of supervised release, and a $100 penalty. The sentence included a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for the prior felony conviction under Cal. Penal Code § 261.5(d). The sentence also reflected a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

Gomez-Mendez appeals.

## II

We consider as a matter of first impression Gomez-Mendez's argument that the district court erred in holding that his prior conviction under Cal. Penal Code § 261.5(d) was a "crime of violence."

## A

[1] Section 2L1.2(b)(1)(A)(ii) of the U.S. Sentencing Guidelines provides for a sixteen-level sentencing enhancement upon conviction under 8 U.S.C. § 1326, where an alien illegally reentered the United States after having been previously deported subsequent to a conviction for a felony "crime of violence."[2] The Sentencing Guidelines fail to define a

---

[1]The district court and the parties framed the inquiry as whether the government violated an "abuse of discretion" standard. As discussed below, we have recently held that the proper inquiry is whether the government acted "on the basis of an unconstitutional motive (e.g., racial discrimination), or arbitrarily (i.e., for reasons not rationally related to any legitimate governmental interest)." *United States v. Espinoza-Cano*, 456 F.3d 1126, 1136 (9th Cir. 2006) (internal quotation marks omitted).

[2]While the Sentencing Guidelines are now advisory, *see United States v. Booker*, 543 U.S. 220, 259 (2005); *United States v. Ameline*, 409 F.3d

"crime of violence" for such purposes. The Commission's commentary, however, defines a "crime of violence" to mean any of the following: "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, *statutory rape*, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened used of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (emphasis added).[3]

B

1

To determine whether a conviction constitutes "statutory rape" and therefore a "crime of violence," we employ the familiar categorical approach the Supreme Court crafted in *Taylor v. United States*, 495 U.S. 575 (1990). *Guerrero-Velasquez*, 434 F.3d at 1195. In cases involving nontraditional offenses, as here,[4] we must determine whether the full scope

---

1073, 1077 (9th Cir. 2005) (en banc), they remain "an important aid for district judges seeking to determine the appropriate sentence for a defendant and which help to maintain uniformity in sentencing throughout the country," *United States v. Guerrero-Velasquez*," 434 F.3d 1193, 1195 n.1 (9th Cir. 2006). Accordingly, we review *de novo* whether the district court correctly interpreted and applied the Sentencing Guidelines. *United States v. Baza-Martinez*, 464 F.3d 1010, 1013 (9th Cir. 2006).

[3]"Commentary to the Guidelines binds us in interpreting their provisions unless it violates the Constitution or federal statute, or is inconsistent with the Guidelines." *United States v. Asberry*, 394 F.3d 712, 716 n.5 (9th Cir. 2005).

[4]Although we have suggested that statutory rape is an extension of the common law crime of forcible rape and that the offense is old enough to be considered part of the common law in the United States despite its statutory heritage, *see United States v. Brooks*, 841 F.2d 268, 269 (9th Cir. 1988) (per curiam), statutory rape is distinct from the common law offense

of the conduct proscribed by Cal. Penal Code § 261.5(d) falls within "the ordinary, contemporary, and common meaning" of the term "statutory rape." *United States v. Lopez-Solis*, 447 F.3d 1201, 1206-07 (9th Cir. 2006) (internal quotation marks omitted). When we make this determination under the categorical approach, we "do not examine the facts underlying the prior offense, but 'look only to the fact of conviction and the statutory definition of the prior offense.' " *United States v. Corona-Sanchez*, 291 F.3d 1201, 1203 (9th Cir. 2002) (en banc) (quoting *Taylor*, 495 U.S. at 602).[5]

**[2]** Section 261.5(d) of the California Penal Code, the offense at issue in this case, provides:

> Any person 21 years of age or older who engages in an act of unlawful sexual intercourse with a minor who is under 16 years of age is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison for two, three, or four years.

of forcible rape and not considered a "traditional" common law offense, *see United States v. Carlos-Colmenares*, 253 F.3d 276, 279 (7th Cir. 2001); *United States v. Rider*, 282 F.2d 476, 477 & n.3 (9th Cir. 1960). Unlike "traditional" common law offenses that generally required *mens rea*, *see Staples v. United States*, 511 U.S. 600, 605 (1994); *Morissette v. United States*, 342 U.S. 246, 251(1952); *United States v. Balint*, 258 U.S. 250, 251 (1922), "statutory rape was universally regarded as a *strict liability offense* until well into the twentieth century," *Brooks*, 841 F.2d at 270 (emphasis added); *see also infra* note 8.

[5]If the offense fails to qualify as a "crime of violence" under the categorical approach, we may "go beyond the mere fact of conviction" and consider "documentation of judicially noticeable facts that clearly establish the conviction is a predicate conviction for enhancement purposes." *United States v. Rivera-Sanchez*, 247 F.3d 905, 908 (9th Cir. 2001) (en banc) (internal quotation marks omitted). We need not employ the modified categorical approach in this case because the parties did not raise this issue on appeal and because of our decision on the merits.

Cal. Penal Code § 261.5(d). This section is considered California's statutory rape law. *See Michael M. v. Superior Court*, 450 U.S. 464, 466 (1981); *In re Jennings*, 95 P.3d 906, 921 (Cal. 2004); *People v. Osband*, 919 P.2d 640, 712 (Cal. 1996).**[6]**

**[3]** The term "statutory rape" is ordinarily, contemporarily, and commonly understood to mean the unlawful sexual intercourse with a minor under the age of consent specified by state statute.**[7]** This meaning of "statutory rape" covers the full range of conduct proscribed by Cal. Penal Code § 261.5(d). Moreover, we have recognized that the commentary to U.S.S.G. § 2L1.2 "lists statutory rape as per se a crime of violence." *Valencia v. Gonzales*, 439 F.3d 1046, 1053 (9th Cir. 2006). Therefore, the district court did not err in concluding that Gomez-Mendez's prior conviction for felony unlawful sexual intercourse with a minor under sixteen years of age in violation of Cal. Penal Code § 261.5(d) qualified categorically as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) and warranted a sixteen-level sentencing enhancement.

2

**[4]** Gomez-Mendez nevertheless argues that a conviction under Cal. Penal Code § 261.5(d) is overbroad under the cate-

---

**[6]**Although Cal. Penal Code § 261.5 is titled "Unlawful Sexual Intercourse," "[w]e look solely to the statutory definition of the crime, not to any name given to the offense." *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999).

**[7]***See* Black's Law Dictionary 1288 (8th ed. 2004) (defining "statutory rape" as "[u]nlawful sexual intercourse with a person under the age of consent (as defined by statute), regardless of whether it is against that person's will"); *see also* Susan M. Kole, Annotation, *Statute Protecting Minors in a Specified Age Range from Rape or Other Sexual Activity as Applicable to Defendant Minor Within Protected Age Group*, 18 A.L.R. 5th 856, § 2[a] (1994) ("In most states, the elements of statutory sex offenses are simply sexual intercourse or engaging in some other proscribed sexual act with a minor under the age of consent as specified in the statute.").

gorical approach because, according to Gomez-Mendez, unlike "a large number of states" and the Model Penal Code, the reasonable belief that the victim was over the age of sixteen is no defense to statutory rape in California.[8] Under California case law, a reasonable belief that the victim was eighteen or older, the age of consent established by Cal. Penal Code § 261.5(a), *is* a defense, *see People v. Hernandez*, 393 P.2d 673, 677 (Cal. 1964), but a reasonable belief that the victim was sixteen, the age under which the most severe punishment attaches to the offense pursuant to Cal. Penal Code § 261.5(d), is *no* defense, *see People v. Scott*, 100 Cal. Rptr. 2d 70, 81-82 (App. Ct. 2000). Thus, this affirmative defense to statutory rape in California essentially mirrors the Model Penal Code's position, *see* Model Penal Code § 213.6(1), in all ways but one: California sets the age of consent at eighteen, rather than sixteen like the Model Penal Code and certain other states. *See* Model Penal Code § 213.3(1)(a).

**[5]** This difference is of no consequence. *Taylor* stands for the proposition that a state crime must include all of the *elements* of the generic federal crime. *See Asberry*, 394 F.3d at 715 ("Under the categorical approach, we consider only the

---

[8]A mistake-of-age defense to statutory rape is the minority rule in the United States. *See* Colin Campbell, Annotation, *Mistake or Lack of Information as to Victim's Age as Defense to Statutory Rape*, 46 A.L.R. 5th 499, § 2[a] (1997) ("The majority rule in the United States is that a defendant's knowledge of the age of a victim is not an essential element of statutory rape. . . . A defendant's good faith or reasonable belief that the victim is over the age of consent is simply no defense. . . . Statutory rape, then, is commonly referred to as a strict-liability crime, meaning that the mental intent of the defendant is not important."); *see also Brooks*, 841 F.2d at 269 (explaining that "[s]tatutory rape in sum has been and is a recognized judicial exception to the general principle that mistake of fact is a defense if it negatives the existence of a mental state essential to the crime charged" (internal quotation marks omitted)); Catherine L. Carpenter, *On Statutory Rape, Strict Liability, and the Public Welfare Offense Model*, 53 Am. U. L. Rev. 313, 317, 385-91 (2003) (stating that "*most states* have concluded that statutory rape is a strict liability offense" (emphasis added)).

statutory elements of the offense . . . .”). Assuming, without deciding, that *Taylor* also requires that a state crime incorporate widely accepted affirmative defenses in order to fall within the generic definition, the affirmative defense Gomez-Mendez points to would not be part of the generic federal definition of statutory rape. In most jurisdictions, statutory rape is a strict liability crime. *See supra* notes 7 & 8. Thus a state statute criminalizing unlawful sexual intercourse with a minor can fall within the generic definition even if it allows no mistake-of-age defense—much less one that is contingent on defendant believing his victim was at least sixteen.

3

Gomez-Mendez further contends that Cal. Penal Code § 261.5(d) is overbroad under the categorical approach because “promiscuity” or “unchaste character” provides no defense to statutory rape in California. Gomez-Mendez’s only authority for this assertion is Model Penal Code § 213.6(3), which continues in spite of sharp criticism to promote a promiscuity defense. He cites no jurisdiction, and we are aware of none, that retains a promiscuity defense to a charge of statutory rape.

4

Gomez-Mendez also argues that Cal. Penal Code § 261.5(d) is overbroad according to our decision in *Corona-Sanchez*, 291 F.3d at 1207-08, because a conviction under that statute could be based on aiding and abetting, or accessorial liability. In *Corona-Sanchez*, we explained that “[u]nder California law, aiding and abetting liability is quite broad, extending even to promotion and instigation.” 291 F.3d at 1207-08. Thus, we held in *Corona-Sanchez* that a conviction for the petty theft of cigarettes and beer under Cal. Penal Code § 484, which could have followed from aiding and abetting liability, does not constitute an “aggravated felony” under 8 U.S.C. § 1101(a)(43)(G) because that statute criminalized conduct

that would not constitute a theft offense under federal sentencing law. 291 F.3d at 1207-08.

**[6]** Like all other states and the federal government, California has expressly abrogated the common law distinction among principals, "aiders and abettors present at the scene of the crime" (i.e., second-degree principals), and "aiders and abettors who helped the principal before the basic criminal event took place" (i.e., accessories *before* the fact). *Gonzales v. Duenas-Alvarez*, 127 S. Ct. 815, 820 (2007); *see also* Cal. Penal Code §§ 31, 971; *People v. Mitten*, 112 Cal. Rptr. 713, 715 (1974). Thus, under California law Gomez-Mendez could indeed have been convicted for statutory rape under Cal. Penal Code § 261.5(d) as a principal, as an aider and abettor present at the scene of the crime, or as an accessory *before* the fact.

**[7]** Gomez-Mendez's reliance on *Corona-Sanchez*, however, is misplaced because that case was decided under Sentencing Guidelines that have since been amended. Unlike the 1997 version of U.S.S.G. § 2L1.2 we construed in *Corona-Sanchez*, the amended version of the application notes accompanying that section now expressly provide that "[p]rior convictions of offenses counted under Subsection (b)(1) include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses." U.S.S.G. § 2L1.2 cmt. n.5; *see also Guerrero-Velasquez*, 434 F.3d at 1196 (recognizing that *Corona-Sanchez* was superseded by U.S.S.G. § 2L1.2 cmt. n.5). Moreover, the Supreme Court's recent decision in *Duenas-Alvarez*, 127 S. Ct. 815, supports our conclusion. There, the Court held in the immigration context that, because "criminal law now uniformly treats" principals, second-degree principals, and accessories *before* the fact alike, "the criminal activities of these aiders and abettors of a generic theft must themselves fall within the scope of the term 'theft' in the federal statute." *Id.* at 820. Thus, Gomez-Mendez's argument that Cal. Penal Code § 261.5(d) is overbroad because a defendant could be convicted of statutory rape for

aiding and abetting or for participating as an accessory *before* the fact is unpersuasive.

**[8]** Finally, a conviction for statutory rape under § 261.5(d) does not run afoul of our decision in *United States v. Innie*, 7 F.3d 840 (9th Cir. 1993). In that case, we held that "the offense of being an accessory *after* the fact is clearly different from aiding and abetting" and therefore that a conviction as an accessory after the fact to murder for hire was not a crime of violence under the Sentencing Guidelines. *Id.* at 852-53. Acting as an accessory *after* the fact to statutory rape, however, is punishable not as statutory rape under Cal. Penal Code § 261.5(d), but as a separate and distinct criminal offense under Cal. Penal Code § 32. *People v. Prado*, 136 Cal. Rptr. 521, 523-24 (1977); *Mitten*, 112 Cal. Rptr. at 715. Accordingly, a prior conviction under Cal. Penal Code § 261.5(d) could not be based on liability for acting as an accessory *after* the fact.

## III

**[9]** There is one other related sentencing issue to be resolved. Gomez-Mendez claims that the district court erred by increasing his sentence based on a prior conviction that was not alleged in the indictment, proven beyond a reasonable doubt to a jury, or admitted at the time of the guilty plea. Aliens who return to the United States after removal and without permission are subject to two years incarceration pursuant to 8 U.S.C. § 1326(a). Under 8 U.S.C. § 1326(b)(2), a prison term of up to twenty years may be imposed for aliens "whose [prior] removal was subsequent to a conviction for commission of an aggravated felony." In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court concluded that 8 U.S.C. § 1326(b) "simply authorizes a court to increase the sentence for a recidivist . . . [and] does not define a separate crime" and therefore held that a prior conviction need not be charged in the indictment and proved beyond a reasonable doubt. *Id.* at 226-27.

**[10]** Gomez-Mendez asserts that according to principles of statutory construction, a prior conviction is an element of the offense under the current version of 18 U.S.C. § 1326(b)(2), rather than a sentencing factor, because a 1996 amendment changed the structure of that section and added a title to subsection (b). But 18 U.S.C. § 1326(b)(2), the provision considered in *Almendarez-Torres* and at issue in this case, remains virtually unchanged after the 1996 amendment.**⁹** We do not believe that the 1996 amendment transformed subsection (b)(2) from a sentencing factor, as the Supreme Court held in *Almendarez-Torres*, to a new criminal offense, as Gomez-Mendez claims, simply because that amendment modified the title of subsection (b) and added subsections (b)(3) and (b)(4). In the pith of his claim, Gomez-Mendez essentially argues that we are no longer bound by the Supreme Court's holding in *Almendarez-Torres*, because it interpreted a prior version of 18 U.S.C. § 1326. We have repeatedly rejected the argument that *Almendarez-Torres* is no longer good law and have held that the current version of 18 U.S.C. § 1326(b)(2) constitutes a sentencing factor under *Almendarez-Torres*. *See, e.g.*, *United States v. Ochoa-Gaytan*, 265 F.3d 837, 840 n.1, 845-46 (9th Cir. 2001); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 413-14 (9th Cir.), *cert. denied*, 532 U.S. 966 (2001).**¹⁰**

---

**⁹**The 1996 amendment to subsection (b)(2) simply replaced the term "deportation" with "removal" to reflect new terminology introduced by Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, § 309(d)(2), 110 Stat. 3009, 3009-627 (1996). We have held that "any distinction between deportation and removal is legally insignificant for purposes of § 1326." *United States v. Lopez-Gonzalez*, 183 F.3d 933, 935 (9th Cir. 1999). The subsection is otherwise identical to the language considered in *Almendarez-Torres*.

**¹⁰**Gomez-Mendez filed a letter of supplemental authorities under Fed. R. App. 28(j) contending that the district court committed *Apprendi* error by enhancing his sentence based on his prior removal, a fact which was never admitted nor proven to a jury beyond a reasonable doubt. *See United States v. Covian-Sandoval*, 462 F.3d 1090, 1097 (9th Cir. 2006). But he has not properly raised this issue. In the 39-page opening brief filed by his counsel, Gomez-Mendez's only reference to the district court's finding of

## IV

**[11]** Finally, we consider Gomez-Mendez's argument that the district court erred in failing to apply an additional one-level reduction for timely acceptance of responsibility under U.S.S.G. § 3E1.1(b)[11] because the government improperly refused to file a motion under that provision. The district court expressly refused to make a finding whether the govern-

---

a subsequent removal appeared in a footnote, which states: "[S]ections 1326(b)(1) and (2) do not simply require a finding that a defendant suffered a prior conviction. There must also be a finding that the conviction was *before* the defendant's deportation and that it falls into a certain category: (1) a misdemeanor involving drugs or crimes against the person; (2) a felony; or (3) an aggravated felony." Gomez-Mendez did not enumerate this as a separate claim. Indeed, he made no effort whatsoever to connect this general observation about the law to the facts of his case. *See Officers for Justice v. Civil Serv. Comm'n*, 979 F.2d 721, 726 (9th Cir. 1992) ("We will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.") (internal quotation marks and alteration omitted)).

Moreover, an issue raised for the first time in a letter of supplemental authorities under Fed. R. App. 28(j) is ordinarily deemed waived. *See, e.g.*, *Pawlyk v. Wood*, 248 F.3d 815, 821-22 n.5 (9th Cir. 2001) (holding that an attempt to raise an issue "by submitting a supplemental citation, pursuant to Federal Rule of Appellate Procedure 28(j) . . . . is too late; the issue is waived"). There is an exception to this rule when failure to consider an issue first raised in a 28(j) letter would result in "substantial inequity." *United States v. Sterner*, 23 F.3d 250, 252 n.3 (9th Cir. 1994), *overruled on other grounds by United States v. Keys*, 95 F.3d 874, 879 n.6 (9th Cir. 1997). Gomez-Mendez has failed to meet that standard.

[11]U.S.S.G. § 3E1.1(a) requires a sentencing court to reduce by two levels the offense level of a defendant who "clearly demonstrates acceptance of responsibility for his offense." Under U.S.S.G. § 3E1.1(b), a defendant whose offense level is 16 or greater prior to the adjustment authorized by U.S.S.G. § 3E1.1(a) could receive an additional one-level reduction "upon motion of the government stating that the defendant has assisted authorities . . . by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

ment improperly declined to file the motion. We have recently held that the government cannot refuse to file a motion under this provision "on the basis of an unconstitutional motive (e.g., racial discrimination), or arbitrarily (i.e., for reasons not rationally related to any legitimate governmental interest)." *Espinoza-Cano*, 456 F.3d at 1136 (internal quotation marks omitted). In its brief, the government concedes that remand is appropriate on this issue. We agree and remand this case to the district court to determine under *Espinoza-Cano* whether the government refused to file the motion for an additional one-level reduction arbitrarily or on the basis of an unconstitutional motive.

V

Thus, we affirm the district court's determination that Gomez-Mendez's prior conviction for unlawful sexual intercourse by a person at least twenty-one years old with a minor under sixteen years old under Cal. Penal Code § 261.5(d) qualifies as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). We further conclude that the district court did not err in increasing Gomez-Mendez's sentence under 18 U.S.C. § 1326(b)(2). We remand this case to the district court for further proceedings to determine whether the government improperly refused to file a motion under U.S.S.G. § 3E1.1(b).

**AFFIRMED IN PART AND REMANDED IN PART.**