SILER, Circuit Judge,
concurring in part and dissenting in part:
I concur with the majority in finding that § 261.5(c) of the California Penal Code qualifies as a per se crime of violence under USSG § 2L1.2(b)(1)(A)(ii). However, I dissent from the majority on whether the district court erred by finding that a 16-level enhancement was appropriate for Rodriguez-Guzman based upon his prior conviction of statutory rape in California.
I agree with the majority that under Taylor v. United States, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), we must follow a categorical approach to determine whether Rodriguez-Guzman was convicted of a crime of violence. Likewise, under Taylor, we can look at the Model Penal Code as an aid in determining the “generic” meaning of the offense. Id. at 598 n. 8, 110 S.Ct. 2143. However, I would modify the Model Penal Code in defining statutory rape as sexual intercourse with another who is not his or her spouse, or any person who engages in deviate sexual intercourse or causes another to engage in deviate sexual intercourse if the actor is at least four years older than the victim and the victim is under the age of consent. I realize that this is not the exact definition from the Model Penal Code. If one accepts the Model Penal Code as now written, then a female who has been convicted under state law of statutory rape could never receive an enhancement on a subsequent conviction under the Guidelines.
Instead, I would follow the language from United States v. Gomez-Mendez, 486 F.3d 599, 603 (9th Cir.2007), where we stated: “The term ‘statutory rape’ is ordinarily, contemporarily, and commonly understood to mean the unlawful sexual intercourse with a minor under the age of consent specified by state statute.” Admittedly, that case related to a conviction *748 under § 261.5(d), involving a minor under sixteen years of age. However, although we recognized that the Model Penal Code and some other states’ statutes set the age of consent at 16, whereas California set the age of consent at 18, the “difference is of no consequence.” Id. at 604. Furthermore, we stated: “Thus a state statute criminalizing unlawful sexual intercourse with a minor can fall within the generic definition even if it allows no mistake-of-age defense.” Id.
The majority suggests that California’s statutory rape law is out-of-step with the “vast majority of states.” It is true that the majority of states use 16 as the age of consent. However, a substantial minority of states use the age of either 18 or 17 as the age of consent.[1] The substantial minority may even constitute a majority of the population in the United States, as it includes some of the more populous states such as California, Texas, New York, Florida, and Illinois. Moreover, when we examine those states which ordinarily consider 16 as the age of consent, many of their statutes raise the age of consent to 18 if the actor is a parent, guardian, teacher, person in a position of authority, or another relative.[2] Therefore, I would not find that California is out-of-step, nor are these other states with an age of consent at 17 or 18 out-of-step. I suggest that the age of consent for statutory rape is set by the individual states, and under the circumstances found in this case, Rodriguez-Guzman’s sentence under the Guidelines should be enhanced as properly effected by the district court.
In sum, I would affirm the judgment of the district court.

. Arizona (18), Ariz.Rev.Stat. Ann. § 13-1405; California (18), Cal.Penal Code § 261.5; Florida (18), Fla. Stat. Ann. § 794.05 (if defendant is 24 or older); Idaho (18), Idaho Code § 18-6101; Illinois (17), 720 Ill. Comp. Stat. § 5/12-16; Louisiana (17), La.Rev.Stat. Ann. § 14:80; Missouri (17), Mo.Rev.Stat. § 566.034; New Mexico (17), N.M. Stat. Ann. § 30-9-11 (if defendant is at least four years older than victim); New York (17), N.Y. Penal Law § 130.25 (if defendant is 21 or older); North Dakota (18), N.D. Cent.Code § 12.1-20-05; Oregon (18), Or.Rev.Stat. § 163.435; Tennessee (18), Tenn.Code Ann. § 39-13-506 (if defendant is more than five years older than victim); Texas (17), Tex. Penal Code § 22.011; Utah (18), Utah Code Ann. §§ 76-5-402, 76-5-406(11) (if defendant is more than three years older than victim and entices or coerces victim to participate); Virginia (18), Va.Code Ann. § 18.2-371; Wisconsin (18), Wis. Stat. Ann. § 948.09.

. See Alaska Stat. § 11.41.434, 11.41.436; Ark.Code Ann. §§ 5-14-124, 5-14-125; Colo.Rev.Stat. § 18-3-405.3; Conn. Gen.Stat. Ann. § 53a-71; Fla. Stat. Ann. § 794.011; 720 Ill. Comp. Stat. § 5/12-13; Ind.Code § 35-42-4-7; Kan. Stat. Ann. § 21-3603; La.Rev.Stat. Ann. § 14:78.1; Me.Rev.Stat. Ann. tit. 17-A, § 253; Minn.Stat. § 609.344; Miss.Code Ann. § 97-3-95; Mont.Code Ann. § 45-5-507; N.J. Stat. Ann. § 2C:14-2; N.C. Gen.Stat. § 14-27.7; Ohio Rev.Code Ann. § 2907.03; S.D. Codified Laws § 22-22A-3; Utah Code Ann. §§ 76-5-402 & 76-5-406(10); Vt. Stat. Ann. tit. 13, § 3252; Wash. Rev.Code § 9A.44.093; W. Va.Code § 61-8D-5; Wyo. Stat. Ann. §§ 6-2-314, 6-2-317.