

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2008

# Cummings v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4667

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Cummings v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1572.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1572

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4667

MARTINA MARGOT CUMMINGS,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A26-164-449
Immigration Judge: Hon. Walter Durling

Submitted Under Third Circuit LAR 34.1(a)
January 14, 2008

Before: BARRY, CHAGARES and ROTH, <u>Circuit Judges</u>

(Opinion Filed: February 20, 2008)

OPINION

BARRY, <u>Circuit Judge</u>

This petition for review requires us to determine whether a conviction for "theft by

failure to make required disposition of funds received" pursuant to 18 PA. CONS. STAT. §

3927 renders an alien removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii). We find that it does and will deny the petition for review.

## I.

Petitioner Martina Margot Cummings, a 44 year-old native and citizen of Germany, entered the United States in November 1982 as a parolee and was admitted as a lawful permanent resident in August 1983. She has lived and worked in the United States since that time.

On November 3, 2005, Cummings pleaded guilty to one count of access device fraud in violation of 18 PA. CONS. STAT. § 4106 and one count of theft by failure to make required disposition of funds received in violation of 18 PA. CONS. STAT. § 3927. Contemporaneous with her plea, she was sentenced to consecutive terms of imprisonment of four to twelve months and one to twelve months, respectively.

The Department of Homeland Security subsequently served Cummings with a notice to appear, charging her with removal pursuant to both 8 U.S.C. § 1227(a)(2)(A)(ii) (alien convicted of two or more crimes of moral turpitude not arising out of a single scheme of criminal misconduct) and 8 U.S.C. § 1227(a)(2)(A)(iii) (alien convicted of an aggravated felony). The notice to appear indicated that Cummings was removable as an aggravated felon because she had been convicted of "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment of at least 1 year was imposed." (App. at 6.)

Cummings filed a motion to terminate the proceedings arguing that her convictions were neither "theft offenses" nor "crimes of moral turpitude," but the IJ denied the motion and ordered her removed. Specifically, the IJ found that Cummings was deportable as an alien convicted of an aggravated felony because her conviction of theft by failure to make required disposition of funds received in violation of 18 PA. CONS. STAT. § 3927 constituted a "theft offense" pursuant to 8 U.S.C. § 1101(a)(43)(G). As this finding rendered Cummings automatically deportable and ineligible for cancellation of removal, 8 U.S.C. § 1229b(a)(3), the IJ expressly declined to decide whether her conviction for access device fraud in violation of 18 PA. CONS. STAT. § 4106 was also a theft offense and whether she had been convicted of two or more crimes of moral turpitude.

The BIA affirmed the IJ's decision on October 30, 2006, holding that 18 PA. CONS. STAT. § 3927 "fits neatly within the Third Circuit's decision of a 'theft offense.'" (App. at 11.) The BIA stated that "[w]hile it might be better practice to rule upon all charges of removability, because the aggravated felony was dispositive here, the Immigration Judge did not need to determine whether the other charges were sustainable." (Id.) This timely petition for review followed.

## II.

While 8 U.S.C. § 1252(a)(2)(C) prohibits judicial review of final orders of removal issued against aliens convicted of aggravated felonies, 8 U.S.C. § 1252(a)(2)(D) clarifies

3

that we have jurisdiction to review constitutional claims and questions of law. Cummings

acknowledges this limitation and asks us to review only the purely legal question of

whether 18 PA. CONS. STAT. § 3927 is a "theft offense" under 8 U.S.C. § 1101(a)(43)(G).

We exercise *de novo* review of the BIA's legal decisions. *Kamara v. Attorney General*,

420 F.3d 202, 211 (3d Cir. 2005).

## III.

8 U.S.C. § 1227(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an

aggravated felony at any time after admission is deportable." The definition of the term

"aggravated felony" includes "a theft offense (including receipt of stolen property) or

burglary offense for which the term of imprisonment [is] at least one year." Id. §

1101(a)(43)(G). The only issue before us is whether theft by failure to make required

disposition of funds received in violation of 18 PA. CONS. STAT. 3927 constitutes a "theft

offense" pursuant to Section 1101(a)(43)(G).[1]

In order to determine whether an individual has committed a "theft offense," we

---

[1] We look to the term of imprisonment actually imposed to determine if the petitioner was sentenced to a term of imprisonment of at least one year. *United States v. Graham*, 169 F.3d 787, 790-91 (3d Cir. 1999). "Under Pennsylvania law, the minimum term imposed on a prison sentence merely sets the date prior to which a prisoner may not be paroled," *Rogers v. Pa. Bd. of Probation & Parole*, 555 Pa. 285, 289 n.2, 724 A.2d 319, 321 n.2 (Pa. 1999), so the maximum range controls whether the term of imprisonment is at least one year. *Bovkun v. Ashcroft*, 283 F.3d 166, 170-71 (3d Cir. 2002). Because Cummings was sentenced to a maximum term of imprisonment of twelve months on each count, she does not, and could not, argue that her term of imprisonment for her conviction under 18 PA. CONS. STAT. § 3927 was not at least one year.

apply the formal categorical approach to the state law at issue "to see if it encompasses acts beyond those subject to prosecution under the federal [theft offense] definition[,] as contemplated by 8 U.S.C. § 1101(a)(43)(G)." *Nugent v. Ashcroft*, 367 F.3d 162, 170 (3d Cir. 2004) (quoting *Drakes v. Zimski*, 240 F.3d 246, 249 (3d Cir. 2001)). "Under that approach, [we] 'must look only to the statutory definitions of the prior offenses,' and may not consider 'other evidence concerning the defendant's prior crimes.'" *Singh v. Ashcroft*, 383 F.3d 144, 147-48 (3d Cir. 2004) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). Only when "we are unable to determine from the face of the statute whether [the petitioner's] conviction is among those that qualify as an aggravated felony . . . [are we permitted to] take the additional step of examining the underlying facts to determine whether [the petitioner] pled guilty to" an aggravated felony. *Id.* at 160 (citing *Valansi v. Ashcroft*, 278 F.3d 203, 214 (3d Cir. 2002)).

In *Nugent*, we reasoned that by using the term "theft offense," rather than simply "theft," "'Congress signaled that it was not presenting an exhaustive list of offenses (i.e. just theft and receipt); rather, with its word choices, Congress indicated that the phrase ought to be given a broad read.'" 367 F.3d at 173-74 (quoting *Hernandez-Mancilla v. INS*, 246 F.3d 1002, 1008 (7th Cir. 2001)). We adopted the Seventh Circuit's definition of "theft offense" as "a taking of property or an exercise of control over property without consent," and held that Pennsylvania's theft by deception statute is a "theft offense" under 8 U.S.C. § 1101(a)(43)(G) because it did not punish behavior that fell outside of the

5

federal definition of the term. *Id.* (quoting *Hernandez-Mancilla*, 246 F.3d at 1009); *see also United States v. Corona-Sanchez*, 291 F.3d 1201, 1295 (9th Cir. 2002) (en banc) (also adopting the Seventh Circuit's definition of "theft offense"), superseded on other grounds by statute as explained in *United States v. Gomez-Mendez*, 486 F.3d 599, 604-05 (9th Cir. 2007).

The statute at issue in this case, entitled "theft by failure to make required disposition of funds received," states in pertinent part:

> A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition. . . .

18 PA. CONS. STAT. § 3927. It is well settled that there are four elements of the crime at issue: "1) the obtaining of the property of another; 2) subject to an agreement or known legal obligation upon the receipt to make specified payments or other disposition thereof; 3) intentional dealing with the property obtained as the defendant's own; and 4) failure of the defendant to make the required disposition of the property." *Commonwealth v. Morrissey*, 540 Pa. 1, 8, 654 A.2d 1049, 1052 (Pa. 1995) (citing *Commonwealth v. Turrell*, 526 Pa. 42, 584 A.2d 882 (Pa. 1990); *Commonwealth v. Van Nest*, 517 Pa. 44, 534 A.2d 473 (Pa. 1987); *Commonwealth v. Ohle*, 503 Pa. 566, 470 A.2d 61 (Pa. 1983)).

Pennsylvania's statute is copied nearly verbatim from a subsection within Article

6

223 (Theft and Related Offenses) of the Model Penal Code. *See* MPC § 223.8 (1980).[2]

As explained in the commentary to the Code, the statute

> is designed to bring within the law of theft certain situations that traditionally have occasioned difficulty. The problem arises whenever the actor's behavior arguably constitutes merely a breach of contract rather than a misappropriation of property of another. Section 223.8 recognizes that in some situations one who promises to make certain payments or other disposition of property should be punished for dealing with the property as his own. At the same time, the section does not purport generally to substitute criminal prosecution for civil remedies under the law of contract. The challenge, therefore, is to distinguish default that should be assimilated to theft from non-performance that should be left to the traditional remedies for breach of contract.

MPC § 223.8 cmt., at 255-56. The drafters stated that "[t]he words 'deals with the property as his own' are designed to import the element commonly referred to by other statutes as conversion." Id. at 269.

We agree that 18 PA. CONS. STAT. § 3927 "fits neatly" within our definition of the term "theft offense." The statute covers situations where property is voluntarily turned over to the defendant in a fiduciary capacity with the understanding that he or she will dispose of the property in a specific manner at a later point in time. Simply dealing with the funds as one's own is not sufficient for an individual to violate the statute; "[i]t is only at the moment when the required payments are not made that criminal liability attaches." *Commonwealth v. Fritz*, 323 Pa. Super. 488, 493-94, 470 A.2d 1364, 1366 (Pa. Super. Ct.

---

[2] That the statute is included within the "theft" section of the Model Penal Code is not dispositive. *See Nugent*, 367 F.3d at 174.

1983).  As the statute is violated only after the defendant has exceeded the terms of the owner's consent to hold the property, it falls within the latter half of our definition of theft offense as "an exercise of control over property without consent." *Nugent*, 367 F.3d at 174.  We are not persuaded by Cummings' reading of Pennsylvania cases addressing the statute and find that, contrary to her assertion, the cited cases support our conclusion that it does not encompass any behavior that falls outside the federal definition of the term theft offense.

**IV.**

For the foregoing reasons, we will deny the petition for review.