UNITED STATES of America,
Plaintiff—Appellee,

v.

Jaime PEREZ–AGUILAR, Defendant—
Appellant.

No. 06–10198.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2007.

Filed April 1, 2008.

Affirmed.

Elizabeth R. Berenguer, Esq., USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Greta Vietor, Esq., FPDAZ—Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: BYBEE and M. SMITH, Circuit Judges, and SEABRIGHT *, District Judge.

## MEMORANDUM **

Jaime Perez–Aguilar appeals the sentence imposed following his guilty plea to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). Because the parties are aware of the facts of the case, we do not recount them here. We affirm.

Perez–Aguilar first argues that the district court failed to properly articulate on the record that it considered the 18 U.S.C. § 3553(a) sentencing factors. Although Perez–Aguilar did not raise an objection on this ground at sentencing, he did file a sentencing memorandum in which he argued that the district court should consider the 18 U.S.C. § 3553(a) factors, and in which he argued that the factors should persuade the district court to impose a sentence below the guidelines range. We need not decide whether Perez–Aguilar's sentencing memorandum properly preserved the reasonableness standard of review; under either a plain error or unreasonableness standard, we affirm.

Although the district court did not specifically cite the § 3553(a) sentencing

---

* The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

factors, it "set forth enough to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). Although the district court's analysis on the record was brief, it was legally sufficient. The district court considered the guidelines range and applied a sentence within that range. *See* 18 U.S.C. § 3553(a)(4); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir.2008) (en banc) (stating that a "within-Guidelines sentence ordinarily needs little explanation" and "[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them"). "The record makes clear that the sentencing judge listened to each argument" presented by Perez–Aguilar, but "simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range...." *Rita*, 127 S.Ct. at 2469.

The district court specifically imposed a sentence within the guidelines range because it reflected the seriousness of the offense, stating that the guidelines sentence was appropriate because it was a "significant" sentence for a "significant" offense. *See* 18 U.S.C. § 3553(a)(2)(A). The district court considered Perez–Aguilar's history and characteristics when it heard argument regarding his family and when it explicitly noted Perez–Aguilar's behavior over the previous ten years. *See* 18 U.S.C. § 3553(a)(1). Finally, the district court determined that the disparity between the guidelines sentence in this case and the sentence ordinarily imposed on "fast track" defendants was not unwarranted despite Perez–Aguilar's argument that his conduct was similar to that of defendants permitted to plead pursuant to a "fast track" program. *See* 18 U.S.C. § 3553(a)(6).

Perez–Aguilar also argues that the panel should vacate his sentence because the district court erroneously applied a 16–level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based on Perez–Aguilar's prior conviction under CAL.PENAL CODE § 286(b)(1). Because Perez–Aguilar never objected to the application of the 16–level enhancement in the district court, we review this issue for plain error. *See United States v. Olano*, 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ The district court did not err in applying the 16–level enhancement because Perez–Aguilar's prior conviction for "sodomy with another person who is under 18 years of age" in violation of CAL. PENAL CODE § 286(b)(1) categorically constitutes statutory rape under the guidelines and thus qualifies as a crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A) & app. n. 1(B)(iii). It is irrelevant that California sets the age of consent at eighteen and most other states set it at sixteen or seventeen because "[t]he term 'statutory rape' is ordinarily, contemporarily, and commonly understood to mean the unlawful sexual intercourse with a minor under the *age of consent specified by state statute.*" *United States v. Gomez–Mendez*, 486 F.3d 599, 603 (9th Cir.2007) (emphasis added). Because the guidelines do not define statutory rape, we apply this definition for purposes of our categorical analysis under *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See id.* Based on the definition in *Gomez–Mendez*, we find that Perez–Aguilar's prior conviction under CAL.PENAL CODE § 286(b)(1) categorically qualifies as statutory rape and thus constitutes a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A).

**AFFIRMED.**