**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50497 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00971-L-1 |
| v. | |
| VICTOR EDUARDO SILVA, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted October 8, 2009
Pasadena, California

Before: W. FLETCHER and CLIFTON, Circuit Judges, and SINGLETON [**],
Senior District Judge.

   Victor Eduardo Silva pled guilty to attempted entry after deportation in
violation of 8 U.S.C. § 1326. He now appeals his fifty-seven-month prison
sentence, making three arguments. We reject each and affirm.

_____

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The Honorable James K. Singleton, United States District Judge for
the District of Alaska, sitting by designation.

Silva first argues that California's attempt definition is too broad, for two reasons, to support a finding that he was convicted of a crime of violence under the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990). He begins by noting that California's definition of attempt requires only a "slight act" where the generic definition requires a "substantial step." The distinction is illusory; we have held that California's definition of attempt is coextensive with the generic definition despite the difference in wording. *See United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1110 (9th Cir. 2009). Silva next argues that the generic definition of attempt, unlike California's definition, includes the affirmative defense of voluntary abandonment. This argument is also foreclosed. *See United States v. Velasquez-Bosque*, 601 F.3d 955, 963 (9th Cir. 2010) ("The availability of an affirmative defense is not relevant to the categorical analysis.").

The second issue Silva raises on appeal is that the district court procedurally erred at the sentencing hearing by failing to address one of his arguments. One prior conviction increased both Silva's criminal-history category and his base offense-level. Silva contends that the district court neither considered nor explained why this "double counting" shouldn't warrant a reduced sentence under the factors in 18 U.S.C. § 3553(a). The sentencing transcript makes clear that the district court listened to Silva's arguments, considered them, understood them, and

explained why it was imposing a fifty-seven month sentence despite them. There was no procedural error. *See Rita v. United States*, 551 U.S. 338, 358–59 (2007).

Finally, Silva argues that his sentence is unconstitutional because his prior conviction, which was not alleged in the indictment, proved to a jury beyond a reasonable doubt, or admitted by Silva, nonetheless increased his maximum sentence from two years to twenty under 8 U.S.C. § 1326(b)(2). The Supreme Court rejected this argument while considering an earlier version of the statute in *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), but Silva argues that later Supreme Court decisions and Congressional revisions to the statute either overruled or abrogated *Almendarez-Torres*. Silva acknowledges that his argument is foreclosed by several opinions of this court. *See, e.g.*, *United States v. Gomez-Mendez*, 486 F.3d 599, 606 (9th Cir. 2007). We are bound by our precedent and accordingly reject Silva's argument.

**AFFIRMED.**