**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50201 |
| Plaintiff-Appellee, | D.C. No. 2:08-CR-1400-DDP |
| v. | |
| ABEL YUDICO LAZCANO, etc. | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, presiding

Argued and Submitted, August 2, 2010
Pasadena, California

Before: KOZINSKI, Chief Judge, REINHARDT, Circuit Judge, and
WHYTE,[**] District Judge.

I

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

Defendant Abel Yudico Lazcano contends that he failed to register as a sex offender in an attempt to avoid detection as an illegal alien, and, therefore, his conviction for failing to register should have been considered relevant conduct to his current immigration offense and not part of his criminal history.

We have recently held that conduct which occurred "in the course of attempting to avoid detection or responsibility" for the crime of conviction constitutes relevant conduct under § 1B1.3(a)(1)(A) of the Sentencing Guidelines. *United States v. Rivera-Gomez*, --- F.3d ----, 2011 WL 310345, at *6 (9th Cir. Feb. 2, 2011). The district court did not have the benefit of that decision when it sentenced Lazcano. Therefore, we must vacate Lazcano's sentence and remand so that the district court can make a factual finding as to Lazcano's motivation for failing to register and re-sentence Lazcano as appropriate. The district court at the time of sentencing made no express finding on the question of whether defendant failed to register "in the course of attempting to avoid detection or responsibility for [his current immigration offense.]" U.S.S.G. § 1B1.3(a)(1)(A).

II

Lazcano correctly asserts that the judgment erroneously recites that he was convicted of "the offense of 8 U.S.C. § 1326(a), (b)(2)." Section 1326(b)(2) is a sentencing factor, however, and not a separate criminal offense. *See United States*

2

*v. Gomez-Mendez*, 486 F.3d 599, 605-06 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 545 (2007). Therefore, on remand, the district court is instructed to delete from the judgment the reference to a conviction under 8 U.S.C. § 1326(b)(2).

## III

The parties agree that the district court erred in issuing a written judgment that was inconsistent with the oral pronouncement of the sentence. When there is a conflict between an unambiguous oral pronouncement of sentence and a written judgment and commitment order, the oral pronouncement controls. *United States v. Napier*, 463 F.3d 1040, 1043-44 (9th Cir. 2006). On remand, the district court can ensure that the written judgment is consistent with the oral pronouncement of Lazcano's new sentence.

**VACATED AND REMANDED.**