FILED

**NOT FOR PUBLICATION**

NOV 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES, | No. 11-10008 |
| Plaintiff-Appellee, | D.C. No. 4:10-cr-00222-DCB-JJM |
| v. | |
| PEDRO ESQUIVEL-MIRANDA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted October 26, 2011[**]
San Francisco, California

Before: GRABER and IKUTA, Circuit Judges, and KAPLAN,[***] Senior District Judge.

Pedro Esquivel-Miranda, a native and citizen of Mexico, pled guilty to a one-count indictment charging him with illegal reentry into the United States after

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lewis A. Kaplan, Senior United States District Judge for the Southern District of New York, sitting by designation.

deportation, in violation of 8 U.S.C. § 1326(b)(2), and was sentenced principally to a term of imprisonment of 46 months. He appeals from the judgment, arguing that the district court erred in (1) determining that his predicate felony conviction was a crime of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A), and (2) failing to depart downward or otherwise impose a lower sentence.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's interpretation of the sentencing guidelines, as well as the legality of a guideline sentence, de novo. *See United States v. Williams*, 291 F.3d 1180, 1191 (9th Cir. 2002) (per curiam), *overruled on other grounds by United States v. Gonzales*, 506 F.3d 940, 942 (9th Cir. 2007) (en banc); *United States v. Alexander*, 287 F.3d 811, 818 (9th Cir. 2002). We review a district court's application of the sentencing guidelines to the facts and the substantive reasonableness of a sentence under an abuse of discretion standard. *See United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009).

Application Note 1(B)(iii) to U.S.S.G. § 2L1.2 includes "statutory rape" within the meaning of the term "crime of violence." The predicate state felony in this case was third degree rape in violation of South Dakota Codified Laws § 22-22-1(5), which defines the offense as "an act of sexual penetration accomplished with any person . . . [i]f the victim is thirteen years of age, but less than sixteen years of age, and the perpetrator is at least three years older than the victim." We previously have

2

held that the ordinary, contemporary, and common meaning of "minor" in the context of statutory rape is a person under sixteen years of age. *See United States v. Rodriguez-Guzman*, 506 F.3d 738, 745 (9th Cir. 2007); *United States v. Gomez-Mendez*, 486 F.3d 599, 603 (9th Cir. 2007). Hence, the predicate felony conviction was a crime of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A) under the categorical approach laid out in *Taylor v. United States,* 495 U.S. 575, 588-89 (1990).

We do not and need not decide whether the generic federal definition of "statutory rape" includes a requirement of an age difference of at least four years between the victim and the person engaging in the crime. *See Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc). We would reach the same result even with such a requirement, as the judicially cognizable documents we may review here under a modified categorical approach show that Esquivel-Miranda was at least four years older than his victim. *See Shepard v. United States*, 544 U.S. 13, 26 (2005).

The 46-month sentence that the district court imposed on Esquivel-Miranda was at the bottom of the range under the guidelines. Generally, a "correctly calculated Guidelines sentence will . . . not be found unreasonable on appeal." *United States* v. *Carty*, 520 F.3d 984, 988 (9th Cir. 2008) (en banc). Sentencing courts have broad discretion in determining the applicable punishment for a defendant. *See Gall v.*

*United States*, 552 U.S. 38, 51-52 (2007); *United States v. Paul*, 561 F.3d 970, 974 (9th Cir. 2009) (per curiam). The district court did not abuse its discretion in sentencing Esquivel-Miranda, and so the sentence must be upheld. *See Gall*, 552 U.S. at 51 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

We accordingly affirm the district court.

**AFFIRMED.**