**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIM EDUARDO RODRIGUEZ, AKA
Eduardo Rodriguez

                Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.   17-73039

Agency No. A075-610-739

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2021
San Francisco, California

Before:  MURGUIA, Chief Judge, and IKUTA and VANDYKE, Circuit Judges.

Petitioner Jim Eduardo Rodriguez seeks review of a decision of the Board of

Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ)

denying his application for adjustment of status under 8 U.S.C. § 1255(i) and a

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

waiver of inadmissibility under 8 U.S.C. § 1182(h). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The BIA did not err in concluding that Rodriguez is inadmissible as an alien convicted of a crime involving moral turpitude, *see* 8 U.S.C. § 1227(a)(2)(A)(i), due to his conviction under section 245(a)(2) of the California Penal Code (which criminalizes "assault upon the person of another with a firearm"). The BIA previously determined that section 245(a)(1) of the California Penal Code (which criminalizes "assault upon the person of another with a deadly weapon or instrument other than a firearm") is categorically a crime involving moral turpitude, *see Matter of Wu*, 27 I. & N. Dec. 8, 9 (BIA 2017), and we have deferred to that conclusion, *see Safaryan v. Barr*, 975 F.3d 976, 988 (9th Cir. 2020). Because there is no material difference, for purposes of the categorical approach, between section 245(a)(1) and section 245(a)(2) of the California Penal Code, the BIA did not err in holding that section 245(a)(2) of the California Penal Code is also categorically a crime involving moral turpitude.

The BIA did not err in concluding that Rodriguez was not entitled to a waiver of inadmissibility because his prior conviction constituted a "violent or dangerous" crime, and because he failed to show that denial of his application would "result in exceptional and extremely unusual hardship." 8 C.F.R.

§ 1212.7(d).  At oral argument in this appeal, counsel for Rodriguez conceded Rodriguez's argument that the heightened standard for "violent or dangerous crimes" in § 1212.7(d) is unconstitutionally vague.  And Rodriguez forfeited the argument that the BIA erred by not assessing whether Rodriguez's actual conduct was violent or dangerous because counsel raised that argument for the first time in a submission of supplemental authority under Rule 28(j) of the Federal Rules of Appellate Procedure.  *See United States v. Gomez–Mendez*, 486 F.3d 599, 606 n. 10 (9th Cir. 2007) ("[A]n issue raised for the first time in a letter of supplemental authorities under Fed. R. App. 28(j) is ordinarily deemed waived.").

**PETITION DENIED**.