**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>RICHARD GREG POMARES, AKA Dick A. Bahey, AKA Greg Baye, AKA Dick Bayeh, AKA Greg Costa, AKA Richard Costa, AKA Greg Pamales, AKA Greg Pameres, AKA Greg M. Paul, AKA Dick Pomares, AKA Greg Pomares, AKA Rich Pomers, AKA Dick Romares,<br><br>Defendant - Appellant. | No. 08-10389<br><br>D.C. No. 1:06-cr-00167-LJO-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted October 4, 2010[**]
San Francisco, California

Before: BERZON and CALLAHAN, Circuit Judges, and WOLLE, Senior District Judge.[***]

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Charles R. Wolle, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

Richard Greg Pomares ("Pomares") appeals his sentence of 63 months for one count of credit card fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1029 (a)(3) and 2, and one count of harboring or concealing a person from arrest, in violation of 18 U.S.C. §§ 1071 and 3147.[1] We have jurisdiction to hear this appeal. *United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). We find that Pomares entered into a valid plea agreement in which he knowingly and voluntarily waived his right to appeal. Accordingly, we dismiss this appeal.

We have held that "a defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009). We examine "the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily," *United States v. Cope*, 527 F.3d 944, 949 (9th Cir. 2007), and "will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). "The

[1] The parties are familiar with the facts and we repeat them here only as necessary to explain our decision.

2

*preclusive* effect we give to the plea agreement may depend on the nature of the plea . . . ." *Jacobo Castillo*, 496 F.3d at 957 (emphasis original).

The record shows that Pomares knowingly and voluntarily waived his right to appeal and that there is no good reason not to enforce the waiver. Pomares was represented by counsel when he entered into the plea agreement and waived his right to appeal. The district court conducted a thorough Rule 11 plea colloquy, and Pomares clearly stated that he knowingly and voluntarily entered into the plea agreement and waived his right to appeal. We find that "the waiver was knowingly and voluntarily made given the circumstances surrounding the agreement." *United States v. Watson*, 582 F.3d 974, 978 (9th Cir. 2009).

Pomares' contentions that the district court abused its discretion in denying his motion to withdraw his guilty plea and that his waiver therefore should not bar him from appealing that decision are not well-taken. The record shows that Pomares understood the charges in the Superseding Information when he entered into his plea agreement and waived his right to appeal. His subsequent motion to withdraw at sentencing, made when the district court indicated that it would sentence him according to the charges in the Superseding Information, was based on an implausible construction of the plea agreement that was contrary to that accepted by Pomares in his Rule 11 colloquy. Pomares has not presented any

evidence indicating that he did not knowingly and voluntarily enter into the plea agreement; he does not contend that he was misled by his counsel or the prosecutor, or assert any other "fair and just reason" for withdrawing his plea. Fed. R. Crim. P. 11(d)(2)(B); *United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009). Accordingly, we will enforce the valid appeal waiver and dismiss this appeal. *Watson*, 582 F.3d at 988.

**DISMISSED.**