**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50653 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-01125-MMA-1 |
| v. | |
| CONRADO TORRES-GAYTAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted December 14, 2010[**]

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Conrado Torres-Gaytan appeals his 120-month sentence imposed following

his guilty plea for importing approximately 53 pounds of cocaine in violation of 21

U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. *United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). We dismiss the appeal.

The record shows that Torres knowingly and voluntarily waived his right to appeal the district court's imposition of the mandatory minimum 120-month sentence under 21 U.S.C. § 960(b)(1)(B)(i). *See United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009) (holding that appeal waiver requires dismissal if it encompasses the right to appeal on the grounds raised and the waiver is knowing and voluntary); *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005) (finding that a court "will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face"). The plain terms of the plea agreement provide that Torres may not appeal his sentence unless "the Court imposes a custodial sentence above the . . . statutory mandatory minimum, if applicable." *See United States v. Smith*, 389 F.3d 944, 953 (9th Cir. 2004) (holding that defendant's claim that district court erred in calculating sentence was precluded by appeal waiver that applied to any sentence within guideline range). Moreover, the magistrate judge who took the plea adhered to the requirements of Rule 11. *See* Fed. R. Crim. P. 11(b); *United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009). The district court judge's failure to determine the scope of the appeal waiver at sentencing does not make the appeal waiver unenforceable; he did not tell the

2

defendant that he could appeal. *See id*. Therefore, we will enforce the valid appeal waiver and dismiss this appeal.

**DISMISSED**.