**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10107 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-01025-DCB |
| v. | |
| JOSE LUIS ESPINOZA-FLORES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John A. Jarvey, District Judge, Presiding

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Jose Luis Espinoza-Flores appeals from the 80-month sentence imposed following his guilty-plea conviction for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and importation of methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(H).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Espinoza-Flores contends that the district court erred by failing to grant him a minor-role adjustment. We review for plain error, *see United States v. Charles*, 581 F.3d 927, 932-33 (9th Cir. 2009), and conclude that in light of this court's precedent, any error was not plain, *see United States v. Hursh*, 217 F.3d 761, 770 (9th Cir. 2000). Moreover, Espinoza-Flores's substantial rights were not affected by any error because the district court varied downward and sentenced him toward the low end of the range that would have resulted from the adjustment. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

Espinoza-Flores also contends that his sentence is substantively unreasonable. We find no support in the record for the proposition that the district court relied at sentencing on an inaccurate understanding of Espinoza-Flores's role in the criminal venture, and the 80-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**