**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VICENTE DIAZ-GARCIA,

Defendant - Appellant.

No. 12-30044

D.C. No. 2:09-cr-02043-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted November 7, 2012
Seattle, Washington

Before: W. FLETCHER and FISHER, Circuit Judges, and QUIST, District Judge.[**]

Vicente Diaz-Garcia appeals his conviction and sentence for illegal reentry into

the United States in violation of 8 U.S.C. § 1326. We reject his arguments and affirm.

We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable Gordon J. Quist, Senior District Judge, United States
District Court for the Western District of Michigan, sitting by designation.

We review Sixth Amendment speedy trial claims de novo and underlying factual findings for clear error. *United States v. Mendoza*, 530 F.3d 758, 762 (9th Cir. 2008). We review a district court's decision whether to reduce a defendant's sentence for acceptance of responsibility for clear error. *United States v. Johnson*, 581 F.3d 994, 1001 (9th Cir. 2009). Absent a defendant's objection before the district court, we review a defendant's sentence for plain error. *United States v. Charles*, 581 F.3d 927, 932 (9th Cir. 2009).

First, the district court did not commit clear error in finding that delaying the federal prosecution until after the state trial was justified because simultaneous state and federal trials presented a risk of conflicting hearing dates and transportation. Similarly, the district court's finding that there was no evidence of bad faith by the government for the four-month post-sentencing delay was not clear error. Moreover, the district court did not clearly err in finding that Diaz-Garcia did not raise his right to a speedy trial or express a desire to proceed on the indictment until after his arraignment, despite much earlier knowledge of his indictment. Therefore, applying the relevant factors, *Barker v. Wingo*, 407 U.S. 514, 530 (1972) (finding the four relevant factors to a Sixth Amendment speedy trial claim are length of the delay, reason for the delay, the defendant's assertion of the right, and prejudice to the defendant), we affirm on this issue.

2

Diaz-Garcia next concedes that this panel is bound by Ninth Circuit precedent, *Johnson*, 581 F.3d at 1003–04, to reject his argument that the government was required to move for a three-point reduction in his sentencing offense level for acceptance of responsibility.

Finally, we agree that the district judge, during sentencing, made an inaccurate reference to an outdated cognitive disorder. However, reviewing the sentence for plain error, we affirm the district court. The court reviewed and weighed evidence of multiple mitigating factors, only one of which was Diaz-Garcia's proffered cognitive disorder, and sentenced Diaz-Garcia to the bottom of the guideline range.

**AFFIRMED.**