**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30390 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00033-SEH |
| v. | |
| TROY EUGENE DAMSCHEN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted March 10, 2014**

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Troy Eugene Damschen appeals from the district court's judgment and

challenges the 87-month sentence imposed following his guilty-plea conviction for

being a felon in possession of firearms and ammunition, in violation of 18 U.S.C.

§ 922(g)(1).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The government contends that this appeal is barred by the appeal waiver in

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

the parties' plea agreement.  We review de novo whether Damschen has waived his right to appeal, *see United States v. Bibler*, 495 F.3d 621, 623 (9th Cir. 2007), and conclude that ambiguity in the waiver language precludes enforcement of the waiver, *see United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009).

Damschen contends that the district court erred procedurally when it assessed criminal history points for a 2012 Montana conviction that he contends qualifies as relevant conduct to this instant offense.  Because Damschen raised no objection in the district court to the calculation of his criminal history category, our review is for plain error.  *See United States v. Hammons*, 558 F.3d 1100, 1103, 1105 (9th Cir. 2009).  The district court did not plainly err because Damschen's state conviction was not required to be treated as relevant conduct under the Guidelines.  *See* U.S.S.G. § 1B1.3(a)(1) & cmt. n.9; § 4A1.2(a)(1) & cmt. n.1; *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1173 (9th Cir. 2009) ("Because [defendant's] state law offenses were not incorporated into the offense level calculation, and were not required to be considered relevant conduct under § 1B1.3(a)(2), the state law offenses were not relevant conduct to the instant offense under the provisions of § 1B1.3.") (internal quotations omitted).

Damschen next contends that the district court erred procedurally by imposing his sentence to run consecutively to his undischarged state sentences

"without any reason or explanation." We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010), and find none. The decision to impose a consecutive sentence was within the district court's discretion. *See* 18 U.S.C. § 3584; U.S.S.G. § 5G1.3(c) & cmt. n.3. The court considered the 18 U.S.C. § 3553(a) factors and adequately explained the sentence. *See United States v. Fifield*, 432 F.3d 1056, 1063-66 (9th Cir. 2005).

Because we find no grounds for reversal, we do not reach Damschen's contention that the matter should be remanded to a different district court judge.

**AFFIRMED.**

12-30390