**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50371 |
| Plaintiff - Appellee, | D.C. No. 5:10-cr-00009-VAP-1 |
| v. | |
| SALVADOR OROZCO HERNANDEZ, Jr., AKA Sal Hernandez, AKA Salvador Hernandez, AKA Sal Orosco, AKA Orozco, AKA Sal Orozco, AKA Pony Boy, AKA Hernandez Sal, AKA Tio, AKA Toro, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted November 21, 2014
Pasadena, California

Before: W. FLETCHER and BYBEE, Circuit Judges, and EZRA, District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable David A. Ezra, District Judge for the U.S. District Court for the Western District of Texas, sitting by designation.

The facts and procedural posture of this case are known to the parties, and we do not repeat them here. Appellant Salvador Orozco Hernandez, Jr. appeals his conviction by guilty plea for participation in a drug conspiracy and RICO conspiracy, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 1962(d), respectively. We dismiss the appeal because Hernandez waived his right to appeal in the plea agreement he entered on November 28, 2011.

"[A] defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1154 (9th Cir. 2005)) (internal quotation marks omitted). Here, Hernandez signed a plea agreement in which he waived his right to appeal his conviction unless he based that appeal on a claim that his guilty plea was involuntary. Hernandez bases this appeal on his counsel's alleged conflict of interest when counsel moved to withdraw Hernandez's guilty plea.

Granted, Hernandez makes occasional references not supported by evidence to his counsel's ineffective assistance of counsel "during the plea proceedings" or "prior to a plea," and he states once that his counsel's "incompetence" caused "him to enter an otherwise involuntary plea." But his primary arguments on appeal urge

this Court to find a Sixth Amendment violation due to counsel's conflict during the plea withdrawal stage. Because Hernandez waived "any right to appeal [his] convictions" in the plea agreement (except for an appeal based on a claim that his pleas were involuntary), and because his appeal is based on a claim of ineffective assistance of counsel during post-plea-agreement proceedings, the language of his appeal waiver encompasses the current appeal.

The only question remaining is whether Hernandez's appeal waiver was "knowingly and voluntarily made." *Charles*, 581 F.3d at 931 (citation and internal quotation marks omitted). On this point, the record and the district court findings as they currently stand are clear: Hernandez knowingly and voluntarily entered into the plea agreement. Hernandez confirmed that he understood and agreed to the appellate waiver and the overall plea agreement several times throughout the record. We therefore reject any claim that Hernandez waived his right to appeal involuntarily or without full knowledge. *See United States v. Harris*, 628 F.3d 1203, 1206 (9th Cir. 2011).

We hold on the current record that the appeal waiver in the plea agreement is enforceable, and Hernandez's appeal falls within that waiver because it is not based on a claim of involuntariness of his guilty plea. Our opinion does not foreclose

3

Hernandez from seeking habeas relief under 28 U.S.C. § 2255. *See United States v. Rahman*, 642 F.3d 1257, 1259–60 (9th Cir. 2011).

**DISMISSED.**