**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50247 |
| Plaintiff - Appellee, | D.C. No. CR 11-137-DOC |
| v. | |
| TIMOTHY MURPHY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 21, 2014
Pasadena, California

Before: W. FLETCHER and BYBEE, Circuit Judges, and EZRA, District Judge.[**]

Timothy Murphy appeals from the district court's judgment and challenges

his 97-month sentence for mail fraud in violation of 18 U.S.C. § 1341.  We affirm.

Murphy first contends that the district court erred at sentencing by applying

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David A. Ezra, District Judge for the U.S. District
Court for the District of Hawaii, sitting by designation.

the four-level enhancement for a securities law violation committed by an investment adviser without explicitly identifying the particular securities law that gave rise to its application. U.S.S.G. § 2B1.1(b)(18)(B)(iii) (current version at U.S.S.G. § 2B1.1(b)(19)(A)(iii)). We review the issue for plain error because Murphy did not raise this basis for objection at the district court and thereby failed to put the district court on notice of the issue. *See United States v. Charles*, 581 F.3d 927, 933 (9th Cir. 2009). Because the evidence demonstrates that Murphy violated a securities law, there is no reasonable probability that he would have received a different sentence. Accordingly, there is no plain error. *See United States v. Sanders*, 421 F.3d 1044, 1051 (9th Cir. 2005).

Murphy next contends that the district court procedurally erred at sentencing by failing to appreciate its discretion under *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007) to deviate from the Sentencing Guidelines based on policy differences with the Guidelines. Because Murphy raises this issue for the first time on appeal, we again review for plain error, *Sanders*, 421 F.3d at 1050, and we find none. At sentencing, the district court explicitly recognized the advisory nature of the Guidelines and made policy judgments about sentencing under the fraud guideline. The district court is not required to vary from the Guidelines on policy grounds if it does not agree that a

variance is warranted. *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011).

Finally, Murphy contends that his sentence is substantively unreasonable because the fraud guideline is fundamentally flawed and Murphy poses a particularly low risk of recidivism. Murphy also contends that various mitigating factors warrant a lower sentence. None of these arguments amount to an abuse of discretion by the district court. *See United States v. Edwards*, 595 F.3d 1004, 1014–15 (9th Cir. 2010). The district court engaged in extensive consideration of the factors under 18 U.S.C. § 3553(a), including the particular factors that Murphy addresses on appeal. Because "the record as a whole reflects rational and meaningful consideration of the [§ 3553(a)] factors," the 97-month sentence was substantively reasonable. *See United States v. Ressam*, 679 F.3d 1069, 1087 (9th Cir. 2012) (en banc).

**AFFIRMED.**