**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50041 |
| Plaintiff-Appellee, | D.C. No.<br>2:13-cr-00825-BRO-1 |
| v. | |
| ROGELIO LEMUS, aka Sky, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted March 8, 2018[**]
Pasadena, California

Before: GRABER, W. FLETCHER, and OWENS, Circuit Judges.

Defendant Rogelio Lemus timely appeals the sentence that the district court imposed following our remand. United States v. Lemus, 847 F.3d 1016 (9th Cir. 2016). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

1.  In the earlier appeal, we affirmed Defendant's conviction but remanded "for resentencing pursuant to the statutory range set forth in 21 U.S.C. § 841(b)(1)(C)." Id. at 1019.  The jury had found that Defendant possessed more than 50 grams of methamphetamine but that, because his possession was constructive and the drug had not been tested for purity, the evidence did not prove beyond a reasonable doubt that the pound of contraband (453 grams) contained 50 grams or more of methamphetamine. Id. at 1022–24.  Accordingly, we vacated the mandatory minimum sentence of 120 months.  But we noted that, at "sentencing, quantity need only be proven by a preponderance of the evidence." Id. at 1023.

On remand, the district court did not plainly err by adopting the recommended findings in the Presentence Report ("PSR"), including the applicable base offense level of 26.[1]  The court followed our instructions, and there is sufficient factual support for the court's underlying findings using a preponderance of evidence standard.  And courts may consider acquitted conduct at sentencing. United States v. Mercado, 474 F.3d 654, 657 (9th Cir. 2007).  Defendant's new

---

[1] Indeed, Defendant affirmatively agreed with the base offense level of 26, which the PSR calculated, and asked the court to use that base offense level.  We assume that Defendant did not thereby waive entirely his right to make the present argument under the invited error doctrine, United States v. Laurienti, 611 F.3d 530, 543 (9th Cir. 2010), but at a minimum Defendant makes a new argument on appeal, which we therefore review only for plain error, United States v. Charles, 581 F.3d 927, 932 (9th Cir. 2009).

argument, that the appropriate base offense level is 12, in essence attempts to resurrect the superseded version of our opinion.

2. Defendant also argues that the sentence of 63 months is substantively unreasonable. We find no abuse of discretion. <u>See</u> <u>United States v. Ellis</u>, 641 F.3d 411, 422 (9th Cir. 2011) (stating standard of review). That sentence lies at the low end of the Guidelines range. The court made clear that all arguments of the parties and all factors had been considered, and the court explained appropriately the § 3553(a) considerations that led to the selection of the particular length of imprisonment.

**AFFIRMED**.